# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

BRANDI THOMAS and CAROL A.
NIELSON, individually and as a
representative of a Class of Participants
and Beneficiaries of Acosta, Inc. 401(k)
Retirement Plan,

    Plaintiffs,

v.

ACOSTA, INC., BOARD OF
DIRECTORS OF ACOSTA, INC., and
INVESTMENT COMMITTEE OF THE
ACOSTA, INC. 401(K) RETIREMENT
PLAN,

    Defendants.

_____

Case No.: 3:26-cv-00110-HES-PDB

## <u>DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>

Defendants, Acosta, Inc. ("Acosta"), the Board of Directors of Acosta, Inc., and Investment Committee of the Acosta, Inc. 401(k) Retirement Plan ("Defendants"), move to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim.

The Complaint asserts legally flawed claims which rely on unsupported factual assumptions. As such, Plaintiffs' claims fall short of ERISA's context specific pleading standards and should be dismissed.

**WHEREFORE**, Defendants respectfully request the Court grant their Motion to Dismiss.

1

# **TABLE OF CONTENTS**

FACTUAL BACKGROUND AND PLAINTIFFS' CLAIMS ...................................................... 4

    I.    THE ACOSTA, INC. 401(k) RETIREMENT PLAN. ........................................................ 4

    II.    PLAINTIFFS' CLAIMS. .................................................................................................. 6

LEGAL STANDARDS ........................................................................................................... 7

    I.    ERISA'S CONTEXT SPECIFIC PLEADING STANDARD ON MOTIONS TO DISMISS........................................................................................................................... 7

    II.    ERISA PROVISIONS RELEVANT TO PLAINTIFFS' CLAIMS.................................... 8

ARGUMENT ........................................................................................................................... 8

    I.    PLAINTIFFS' FORFEITURE THEORY IS IMPLAUSIBLE. ......................................... 8

        A.    The Overwhelming Majority of Courts Reject Plaintiffs' Forfeiture Theory. ............... 8

        B.    Because Acosta's Contributions Are Wholly Discretionary, Plaintiffs' Forfeiture Theory is Implausible. ...................................................................................................... 10

        C.    Plaintiffs' Forfeiture Theory Fails Under the Plan........................................................ 13

        D.    Plaintiffs' Loyalty Claim Fail Under ERISA's Plain Language.................................... 15

        E.    Plaintiffs' Prudence Claim Fails for the Same Reason. ................................................ 17

        F.    Plaintiffs' Forfeiture Theory Contradicts Decades of Federal Regulations and DOL Guidance. ......................................................................................................................... 20

    II.    COUNT I MUST BE DISMISSED BECAUSE PLAINTIFFS DO NOT PLAUSIBLY ALLEGE A LOSS TO THE PLAN. ...................................................................................... 23

    III.    PLAINTIFFS' DERIVATIVE MONITORING CLAIM MUST ALSO BE DISMISSED. ............................................................................................................................ 24

CONCLUSION........................................................................................................................ 24

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BRANDI THOMAS and CAROL A.
NIELSON, individually and as a
representative of a Class of Participants
and Beneficiaries of Acosta, Inc. 401(k)
Retirement Plan,

    Plaintiffs,

v.

ACOSTA, INC., BOARD OF
DIRECTORS OF ACOSTA, INC., and
INVESTMENT COMMITTEE OF THE
ACOSTA, INC. 401(K) RETIREMENT
PLAN,

    Defendants.

Case No.: 3:26-cv-00110-HES-PDB

_____

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO**
**DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs challenge conduct that the Acosta, Inc. 401(k) Retirement Plan expressly requires and that ERISA plainly permits. The forfeitures at issue here are non-vested, discretionary employer contributions that revert to the Plan when a participant separates before full vesting. The Plan provides that those forfeitures be used to offset Plan expenses and employer contributions—and Plaintiffs concede that Acosta did exactly that in every year of the Class Period.

That concession should end the case. Instead, Plaintiffs advance a speculative and unsupported theory: that Acosta breached ERISA's fiduciary duties of loyalty and prudence by allocating more forfeitures to employer contributions than to Plan expenses. But courts across the country have repeatedly rejected materially identical claims, holding that—even where a plan affords

discretion between those uses, and even where the contributions are mandatory—ERISA does not require fiduciaries to prioritize Plan expenses over employer contributions.

Plaintiffs attempt to salvage their claim with a theory that fares no better. They assume that Acosta would have made the same level of employer contributions regardless of how forfeitures were allocated, and therefore contend that directing more forfeitures to Plan expenses would have increased participants' account balances. But that premise ignores the Plan's terms: Acosta's contributions are *discretionary.* In other words, allocating forfeitures toward employer contributions provides a benefit that is not guaranteed under the Plan—further underscoring that Plaintiffs' theory fails as a matter of law.

Simply put, Plaintiffs' claims find no support in ERISA, the Plan, or governing precedent. The Court should grant Defendants' motion and dismiss the Complaint under Rule 12(b)(6).

## FACTUAL BACKGROUND AND PLAINTIFFS' CLAIMS

### I.     THE ACOSTA, INC. 401(k) RETIREMENT PLAN.

The Acosta, Inc. 401(k) Retirement Plan ("Plan") is a defined contribution plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). ECF No. 1, ¶ 26-27.[1] Acosta is both the Plan Sponsor and Plan Administrator. ¶ 21. The Plan is designed to help employees invest in their

---

[1] Hereafter, all citations to the Complaint (ECF No. 1) are referenced by paragraph number (*e.g.*, "¶ ___").

retirement through a combination of employee contributions and discretionary employer contributions. Ex. A, Plan Doc., § 1, 6.1-6.10.

Under the Plan, Acosta may make four different types of contributions: profit sharing, qualified nonelective, regular matching, and additional discretionary matching. Ex. A, Plan Doc. § 6.2, 6.4, 6.6, 6.8. Crucially, each of Acosta's contributions are discretionary. *See* Section 6.2 ("Each Employer may, in its discretion, make a Profit-Sharing Contribution to the Plan...."); Section 6.24, ("Each Employer may, in its discretion, make a Qualified Nonelective Contribution to the Plan...."); Section 6.4 ("Each Employer may, in its discretion, make a Regular Matching Contribution to the Plan...."; Section 6.8 ("In addition to its Regular Matching Contribution..., each Employer may make an Additional Discretionary Matching to the Plan....").

Between 2020 and 2024, Acosta made over $52 million dollars in discretionary contributions to participants' accounts. Ex. B, 2020 Form 5500, p. 32 ($8,220,106); Ex. C, 2021 Form 5500, p. 27 ($8,305,330); Ex. D, 2022 Form 5500, p. 27 ($11,433,912); Ex. E, 2023 Form 5500, p. 29 ($12,124,014); Ex. F, 2024 Form 5500, p. 29 ($12,132,770).

Participants immediately vest in their employee contributions and the qualified nonelective and qualified matching contributions, but Acosta's profit sharing, regular matching, and additional discretionary matching contributions are subject to a six-year vesting schedule. Ex. A, Plan Doc. at § 6.15. The portion

of a participant's account that is not vested when the participant separates from employment is forfeited to the Plan.  *Id.* at § 13.3.

In Section 13.4, entitled "Treatment of Forfeited Amounts," the Plan provides that forfeitures "shall be used to reduce Employer Contributions and Plan expenses for the Plan Year in which the forfeiture occurred or the immediately succeeding Plan Year."  ¶ 51 (quoting Ex. A, Plan Doc. at § 13.4).

Similarly, Section 6.18, entitled "Forfeitures to Reduce Employer Contributions," states that employer contributions shall be reduced by forfeitures that are not used to pay Plan expenses and applied against employer contributions for the plan year.  ¶ 50 (quoting Ex. A, Plan Doc., § 6.18).

Finally, as noted above, Plaintiffs concede that Acosta allocated Plan forfeitures towards Plan expenses *and* employer contributions each year during the Class Period, exactly as required by the Plan.  ¶ 57.

## II.    PLAINTIFFS' CLAIMS.

According to the Complaint, Brandi Thomas and Carol Nielson are Plan participants.  ¶ 13-14.  Plaintiffs allege Defendants violated ERISA by allocating a majority of the Plan's forfeitures towards the employer discretionary contributions instead of Plan expenses.  ¶ 131.

Plaintiffs further allege Acosta's forfeiture allocations breached ERISA's fiduciary duties of prudence and loyalty.  They seek alleged losses to the Plan under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2) (Count I), as well as injunctive and equitable relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3) (Count

6

II). ¶ 127-138.  In Count III, Plaintiffs allege the Board failed to monitor the Plan's fiduciaries.  ¶ 139-145.

## LEGAL STANDARDS

### I.    ERISA'S CONTEXT SPECIFIC PLEADING STANDARD ON MOTIONS TO DISMISS.

A complaint must "state a claim to relief that is plausibly on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 663 (2009).  A plausible claim is supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Courts begin by striking out conclusory statements, which are not entitled to a presumption of truth and evaluating the remaining allegations (if any) to determine whether they reasonably infer wrongdoing.  *Id.* at 679.  A plaintiff who alleges only "conceivable" or "possible" misconduct has not "nudged his claims…across the line" to plausibility.  *Id.*

For ERISA claims, courts deciding a motion to dismiss must conduct a "careful, context-sensitive scrutiny" of the allegations while giving "due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise."  *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014); *Hughes v. Northwestern Univ.*, 595 U.S. 170, 177 (2022).  Indeed, the Supreme Court recently reiterated that district courts in ERISA class actions must "use existing tools at their disposal to screen out meritless claims before discovery." *Cunningham v. Cornell Univ.*, 604 U.S. 693, 708 (2025).

7

## II.   ERISA PROVISIONS RELEVANT TO PLAINTIFFS' CLAIMS.

ERISA Section 404 provides that fiduciaries must act for the exclusive purpose of providing benefits to participants and beneficiaries as well as defraying reasonable plan expenses (the duty of loyalty).  29 U.S.C. § 1104(a)(1)(A).  Section 404 also requires fiduciaries to act with the "care, skill, prudence, and diligence" of a reasonable fiduciary under similar circumstances (the duty of prudence).  29 U.S.C. § 1104(a)(1)(B).

### ARGUMENT

## I.   PLAINTIFFS' FORFEITURE THEORY IS IMPLAUSIBLE.

### A.   The Overwhelming Majority of Courts Reject Plaintiffs' Forfeiture Theory.

Plaintiffs' theory is neither novel nor unsettled.  Dozens of courts across the country have confronted—and rejected—this same forfeiture claim time and again and the consensus is clear: when a plan grants fiduciaries discretion to apply forfeitures to either plan expenses or employer contributions, choosing the latter does not violate ERISA.  *See, e.g., Cano v. The Home Depot, Inc.*, No. 1:24-cv-3793-TRJ, 2025 U.S. Dist. LEXIS 176101 (N.D. Ga. Aug. 26, 2025); *Shulak v. BMO Fin. Corp.*, No. 25-cv-2232, 2026 U.S. Dist. LEXIS 67525 (N.D. Ill. Mar. 30, 2026) (dismissing a substantially similar complaint also filed by Plaintiffs' counsel); *Armenta v. WillScot Mobile Mini Holdings Corp.* ("*Armenta II*"), No. CV-25-407-PHX-MTL, 2026 U.S. Dist. LEXIS 67099 (D. Ariz. Mar. 30, 2026); *Gaetano v. MVHS, Inc.*, No. 6:25-cv-118 (AJB/CBF), 2026 U.S. Dist. LEXIS 65524 (N.D.N.Y. Mar. 27, 2026); *Estay v. Ochsner Clinic Found.*, No. 25-507, 2026 U.S. Dist. LEXIS

61513 (E.D. La. Mar. 23, 2026); *Beroset v. Duke Univ.*, No. 1:25-cv-919, 2026 U.S. Dist. LEXIS 58140 (M.D.N.C. Mar. 16, 2026); *Enstrom v. SAS Inst. Inc.*, No. 5:24-CV-105-D, 2026 U.S. Dist. LEXIS 35036 (E.D.N.C. Feb. 12, 2026); *Jacob v. RTX Corp.*, No. 1:25-cv-1389 (LMB/WBP), 2026 U.S. Dist. LEXIS 12172 (E.D. Va. Jan. 22, 2026); *Curtis v. Amazon.Com Servs.*, LLC, No. C24-2164RSM, 2026 U.S. Dist. LEXIS 9156 (W.D. Wash. Jan. 16, 2026); *Tillery v. Wakemed Health*, No. 5:25-CV-408-D, 2026 U.S. Dist. LEXIS 36193 (E.D.N.C. Jan. 15, 2026).[2]

This majority view is especially relevant here—if allocating *all* forfeitures towards employer contributions does not violate ERISA, then Plaintiffs' thinner

---

[2] *See also Donelson v. Meijer, Inc.*, No. 1:25-cv-1156, 2025 U.S. Dist. LEXIS 266642 (W.D. Mich. Dec. 29, 2025); *Brewer v. Alliance Coal, LLC*, No. 24-CV-406, 2025 U.S. Dist. LEXIS 254245 (N.D. Okla. Dec. 9, 2025); *Garner v. Northrop Grumman Corp.*, No. 1:25-cv-439, 2025 U.S. Dist. LEXIS 251611 (E.D. Va. Dec. 4, 2025); *Hernandez v. AT&T Servs., Inc.*, No. 2:25-cv-676, 2025 U.S. Dist. LEXIS 225867 (C.D. Cal. Nov. 14, 2025); *Brown v. Peco Foods, Inc.*, No. 3:25-cv-491, 2025 U.S. Dist. LEXIS 228085 (S.D. Miss. Nov. 14, 2025); *Del Bosque v. Coca-Cola SW. Bevs. LLC*, No. 3:25-CV-1270, 2025 U.S. Dist. LEXIS 223294 (N.D. Tex. Nov. 13, 2025); *Polanco v. WPP Grp. USA, Inc.*, No. 24-cv-9548, 2025 U.S. Dist. LEXIS 210810 (S.D.N.Y. Oct. 24, 2025); *Estay v. Ochsner Clinic Found.*, No. 25-507, 2025 U.S. Dist. LEXIS 179822 (E.D. La. Sept. 15, 2025); *Armenta v. Mini Mobile WillScot Holdings Corp.*, No. 2:25-cv-407, 2025 U.S. Dist. LEXIS 179897 (D. Ariz. Sept. 15, 2025); *Dimou v. Thermo Fisher Sci. Inc.* ("*Dimou II*"), No. 23-cv-1732, 2025 U.S. Dist. LEXIS 178980 (S.D. Cal. Sept. 9, 2025); *Fumich v. Novo Nordisk Inc.*, No. 24-9158, 2025 U.S. Dist. LEXIS 160501 (D.N.J. Aug. 19, 2025); *Barragan v. Honeywell Int'l*, No. 24-cv-4529, 2024 U.S. Dist. LEXIS 230056 (D.N.J. Aug. 18, 2025); *Nykiel v. Smith & Nephew, Inc.*, No. 24-12247, 2025 U.S. Dist. LEXIS 157974 (D. Mass. July 11, 2025), *adopted by* 2025 U.S. Dist. LEXIS 156996 (D. Mass. Aug. 13, 2025); *Middleton v. Amentum Parent Holdings, LLC*, No. 23-CV-2456, 2025 U.S. Dist. LEXIS 150274 (D. Kan. Aug. 5, 2025); *Cain v. Siemens Corp.*, No. 24-8730, 2025 U.S. Dist. LEXIS 147011 (D.N.J. July 31, 2025); *McWashington v. Nordstrom, Inc.*, No. C24- 1230, 2025 U.S. Dist. LEXIS 118739 (W.D. Wash. June 23, 2025); *Matula v. Wells Fargo*, No. 24-3703 (JRT/DJF), 2025 U.S. Dist. LEXIS 116060 (D. Minn. June 18, 2025);*Wright v. Chase*, No. 2:25-cv-525, 2025 U.S. Dist. LEXIS 115792 (C.D. Cal. June 13, 2025); *Steen v. Sonoco*, No. 4:24-cv-3105, 2025 U.S. Dist. LEXIS 164875 (D.S.C. June 4, 2025); *Bozzini v. Ferguson Enters. LLC*, No. 22-cv-5667, 2025 U.S. Dist. LEXIS 102524 (N.D. Cal. May 29, 2025); *Madrigal v. Kaiser Found. Health Plan*, Inc., No. 2:24-cv-5191, 2025 U.S. Dist. LEXIS 84971 (C.D. Cal. May 2, 2025); *Sievert v. Knight-Swift Transp. Holdings, Inc.*, 780 F. Supp. 3d 870 (D. Ariz. 2025); *Hutchins v. HP Inc.* ("*Hutchins II*"), 767 F. Supp. 3d 912 (N.D. Cal. 2025); *Dimou v. Thermo Fisher Sci. Inc.*, No. 23-CV-1732, 2024 U.S. Dist. LEXIS 188394 (S.D. Cal. Sept. 19, 2024); *Naylor v. BAE Sys., Inc.*, No. 1:34-cv-536, 2024 U.S. Dist. LEXIS 160188 (E.D. Va. Sept. 5, 2024); *Hutchins v. HP Inc.* ("*Hutchins I*"), 737 F. Supp. 3d 851 (N.D. Cal. 2024).

objection to the percentage of forfeitures Acosta allocated towards employer contributions cannot state a claim. The recent forfeiture dismissal in *Estay* sums up the flaws of Plaintiffs' forfeiture theory: when fiduciaries allocate forfeitures according to their plan document and participants receive their guaranteed benefits, there is no inference of a fiduciary breach. 2026 U.S. Dist. LEXIS 61513, at *9.

Even the Department of Labor ("DOL"), the government entity charged with enforcing ERISA, disavowed Plaintiffs' forfeiture theory in multiple amicus briefs. *See Barragan v. Honeywell Int'l Inc.*, No. 25-2609, ECF No. 42 (3d Cir. Jan. 30, 2026); *Cain v. Siemens Corp.*, No. 25-2564, ECF No. 42, (3d Cir. Jan. 23, 2026); *Hutchins v. HP Inc.*, No. 25-826, ECF No. 24.1 (9th Cir. July 9, 2025); *Wright v. JPMorgan Chase & Co.*, No. 25-4235, ECF No. 41.1, p. 15 (9th Cir. Jan. 8, 2025).

Here, the Complaint does not identify any special circumstances about the Plan or Acosta's forfeiture allocation that warrants departing from the weight of authority. Thus, this case should meet the same fate as the thirty-six complaints asserting similar claims, dismissal for failure to state a claim.

### B.    Because Acosta's Contributions Are Wholly Discretionary, Plaintiffs' Forfeiture Theory is Implausible.

As noted above, each of Acosta's employer contributions are entirely discretionary. *Supra* p. 5. Thus, Plaintiffs' description of employer contributions as "obligations" has no support under the Plan. *See, e.g.*, ¶ 1, 5, 67, 68, 69, 99, 102, 137. That foundational error distorts Plaintiffs' entire theory, including their attack on Acosta's forfeiture allocations.

Take Plaintiffs' central allegation: that allocating forfeitures to employer contributions serves Acosta's interests by "decreas[ing] [its] own contribution costs" and avoiding the need to draw from general revenues.  ¶ 66.  Because employer contributions are discretionary, Acosta is never required to contribute anything at all.  It follows that Acosta does not "save" money by allocating forfeitures to contributions it had no obligation to make in the first place.

Courts confronting this exact scenario have recognized as much.  The *Polanco* court rejected materially identical forfeiture claims in a plan with discretionary employer contributions.  The court explained that if forfeitures had instead been used to pay administrative expenses, the employer "would have been well within its rights simply not to provide employer contributions during the putative class period."  *Polanco*, 2025 U.S. Dist. LEXIS 210810, at *11-12; *see also Tillery*, 2026 U.S. Dist. LEXIS 36193, at *12 ("defendants could have used the forfeitures to pay for administrative expenses and opted not to make [employer] contributions" at all.); *Gaetano,* 2026 U.S. Dist. LEXIS 65524, at *32 (same); *Estay*, 2026 U.S. Dist. LEXIS 61513, at *8 (same).

Plaintiffs' Complaint ignores this reality.  Instead, Plaintiffs argue forfeitures were not necessary for Acosta to meet its "future Plan contribution obligations."  ¶ 99.  But because the employer contributions are discretionary, Acosta's "obligations" are $0, and eliminating forfeitures would predictably reduce employer contributions.  Properly understood, using forfeitures to reduce participant expenses at the expense of discretionary employer contributions does

11

not improve participants' position; it merely shifts dollars, yielding no net gain to participants' accounts.

What Plaintiffs ultimately seek is something different altogether: to have forfeitures applied to Plan expenses while requiring Acosta to maintain the same level of discretionary employer contributions. But that theory "would create an additional benefit to participants not contemplated in the Plan" and is insufficient to sustain a claim under ERISA. *Estay*, 2025 U.S. Dist. LEXIS 179822, at \*14 (another forfeiture dismissal in the context of discretionary employer contributions); *see also Gaetano*, 2026 U.S. Dist. LEXIS 65524, at \*32-33.

Plaintiffs' reliance on Acosta's profitability fares no better.  ¶ 69, 100, 101. ERISA does not condition fiduciary duties on an employer's financial capacity, nor does it impose a "profitability threshold" which mandates fiduciaries prioritize plan expenses over employer contributions.  As the *Enstrom* court explained, "the employer's liquidity is irrelevant.  The dispositive inquiry is whether participants receive the full benefit guaranteed to them by the plan documents, and here, plaintiffs did." 2026 U.S. Dist. LEXIS 35036, at \*25 (internal citations omitted).

Nor does the Complaint meaningfully grapple with who actually benefits from employer contributions.  Plaintiffs repeatedly suggest employer contributions primarily advantage Acosta.  *See, e.g.*, ¶ 1, 56, 62. But the principal beneficiaries of employer contributions are participants, whose account balances increase as a direct result of employer contributions.  Any benefit to the employer

12

is, at most, incidental.  *See Cano*, 2025 U.S. Dist. LEXIS 176101, at *10 (rejecting breach claims based on employer benefits from forfeiture allocations).

By ignoring the discretionary nature of employer contributions, the allegations in the Complaint are devoid of necessary context and rest on a legally defective premise.  That defect is fatal under ERISA's context-specific pleading standards.[3]

### C.  Plaintiffs' Forfeiture Theory Fails Under the Plan.

The Plan—not Plaintiffs' preferences—defines the scope of fiduciary duty. The Plan is the "touchstone of ERISA." *Polanco*, 2025 U.S. Dist. LEXIS 210810, at *10; *U.S. Airways v. McCutchen*, 569 U.S. 88, 100-01 (2013).  The plan defines employers' and participants' rights and obligations and is the primary source of fiduciaries' duties.  *Armenta*, 2025 U.S. Dist. LEXIS 179897, at *6 (citing *U.S. Airways*, 569 U.S. at 100); *Middleton*, 2025 U.S. Dist. LEXIS 150274, at *38 (citing *Foltz v. U.S. News & World Rep., Inc.*, 865 F.2d 364, 373 (D.C. Cir. 1989)); *see also Ward v. Ret. Bd. of Bert Bell*, 643 F.3d 1331, 1334 (11th Cir. 2011).

ERISA likewise, protects only those benefits the Plan actually provides— nothing more.  *Bennett v. CONRAIL Matched Sav. Plan Admin. Comm.*, 168 F.3d 671, 677 (3d Cir. 1999) ("ERISA does no more than protect the benefits which are

---

[3] Plaintiffs' speculation about the timing and sequence of Acosta's employer contributions and allocation of forfeitures are irrelevant and insufficient to sustain their claims. ¶ 97-98; *see Estay*, 2026 U.S. Dist. LEXIS 61513, at *7-8 (rejecting similar attempts to argue around the plan's discretionary employer contributions).  Neither the Plan nor ERISA impose a deadline for Acosta to make its employer contribution decisions.  Likewise, Plaintiffs' conclusory arguments that forfeiture allocations are decided after Acosta's employer contributions have no factual support.

due to an employee under a plan."); *Loomis v. Exelon Corp.*, 658 F.3d 667, 671 (7th Cir. 2011). Here, Acosta's Plan neither guarantees employer contributions nor that forfeitures will be used to pay administrative expenses. Plaintiffs effectively concede as much, alleging that after Acosta's forfeiture allocations, "participants simply received that which they would have received anyway." ¶ 56.

That is the end of the inquiry. Where fiduciaries comply with the Plan's lawful terms, there is no breach as a matter of law. *Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004) (affirming dismissal on the grounds that "'[d]efendants complied with the Plan's lawful terms and were under no legal obligation to deviate from those terms.'"); *Polanco*, 2025 U.S. Dist. LEXIS 210810, at *11; *Shulak*, 2026 U.S. Dist. LEXIS 67525, at *11 ("The flaw in [plaintiff's forfeiture] theory of liability is that it extends Defendants' fiduciary duties beyond protect[ing] the benefits which are due to an employee under a plan.") (internal quotations omitted); *Armenta II*, 2026 U.S. Dist. LEXIS 67099, at *5; *Gaetano*, 2026 U.S. Dist. LEXIS 65524, at *30; *Middleton*, 2025 U.S. Dist. LEXIS 150274, at *38; *Wright v. JPM*, 2025 U.S. Dist. LEXIS 115792, at *13; *Madrigal*, 2025 U.S. Dist. LEXIS 84971, at *11-13; *Hutchins II*, 767 F. Supp. 3d at 922; *Donelson*, 2025 U.S. Dist. LEXIS 266642, at *10.

Plaintiffs' contrary theory rests on a false premise—that allocating forfeitures towards administrative fees benefits participants more than allocating them to employer contributions. ¶ 68. Not so. Allocating forfeitures towards administrative fees reduces the available pool for discretionary employer

14

contributions, which also increased their participants' account balances. And ERISA does not impose an "exclusive duty to maximize pecuniary benefits" or eliminate plan expenses altogether.

For these reasons, courts consistently reject the same theory as implausible. *Cano*, 2025 U.S. Dist. LEXIS 176101, at \*12; *Shulak*, 2026 U.S. Dist. LEXIS 67525, at \*13 ("This Court cannot accept that ERISA's fiduciary duties reach outside of the benefits provided for in the Plan."); *Armenta II*, 2026 U.S. Dist. LEXIS 67099, at \*5; *Gaetano*, 2026 U.S. Dist. LEXIS 65524, at \*30; *Polanco*, 2025 U.S. Dist. LEXIS 210810, at \*10; *Garner*, 2025 U.S. Dist. LEXIS 251611, at \*10; *Hernandez*, 2025 U.S. Dist. LEXIS 225867, at \*9; *Brown*, 2025 U.S. Dist. LEXIS 228085, at \*13; *Del Bosque*, 2025 U.S. Dist. LEXIS 223294, at \*10; *Middleton*, 2025 U.S. Dist. LEXIS 150274, at \*37; *Wright v. Chase*, 2025 U.S. Dist. LEXIS 115792, at \*13; *Madrigal*, 2025 U.S. Dist. LEXIS 84971, at \*11; *Hutchins II*, 767 F. Supp. 3d at 921-22.

In short, Plaintiffs received every benefit they were entitled to under the Plan. Every dollar of forfeitures was used in a manner authorized by the Plan—to reduce expenses and to fund employer contributions that increased participants' accounts. Plaintiffs' attempt to manipulate ERISA to mandate a different allocation—or to create additional benefits not provided by the Plan—fails as a matter of law.

### D. Plaintiffs' Loyalty Claim Fail Under ERISA's Plain Language.

Plaintiffs' theory also collapses under ERISA's text. The duty of loyalty requires fiduciaries to act "for the exclusive purpose of (i) providing benefits … and

(ii) defraying reasonable expenses." 29 U.S.C. § 1104(a)(1)(A).  Acosta satisfied both directives: in every year during the Class Period, it used Plan forfeitures towards administrative fees and to provide employer contributions.  Plaintiffs do not—and cannot—allege otherwise.

Undeterred, Plaintiffs recast ERISA's duty of loyalty as a mandate to prioritize administrative expenses above all else. ¶ 85 ("a prudent fiduciary…would have chosen to use Plan forfeitures to defray more Plan expenses during the Class Period.").   But again, Plaintiffs' theory ignores that Section 404 expressly recognizes dual, co-equal objectives—providing benefits and defraying expenses.

Plaintiffs' objection to allocating most of the forfeitures to employer contributions ignores that Section 404 is also satisfied when fiduciaries provide benefits and that such contributions are themselves a paradigmatic "benefit" under ERISA.  Numerous courts dismissing identical claims have held that providing employer contributions is a textbook example of "providing benefits" under Section 404.  *Armenta*, 2025 U.S. Dist. LEXIS 179897, at *13; *Gaetano*, 2026 U.S. Dist. LEXIS 65524, at *32-33; *Del Bosque*, 2025 U.S. Dist. LEXIS 223294, at *9; *Cano*, 2025 U.S. Dist. LEXIS 176101, at *18; *Polanco*, 2025 U.S. Dist. LEXIS 210810, at *25.

Likewise, the duty of loyalty also does not require fiduciaries to maximize participants' Plan accounts or "eliminate administrative costs all together." *Cano*, 2025 U.S. Dist. LEXIS 176101, at *13 (citing *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996)); *Brown*, No. 3:25-cv-491, ECF No. 17, p. 17, 20-21; *Del Bosque*, 2025

U.S. Dist. LEXIS 223294, at *10; *Hernandez*, 2025 U.S. Dist. LEXIS 225867, at *9. Plaintiffs' theory would impose exactly that obligation—one courts have consistently rejected as inconsistent with ERISA's text.

Because Plaintiffs' forfeiture theory "frustrate[s] the purposes outlined in Section 404's plain language" their loyalty claim fails and must be dismissed. *Cano*, 2025 U.S. Dist. LEXIS 176101, at *13; *see also Shulak*, 2026 U.S. Dist. LEXIS 67525, at *15-16; *Estay*, 2026 U.S. Dist. LEXIS 61513, at *9; *Del Bosque*, 2025 U.S. Dist. LEXIS 223294, at *10; *Sievert*, 780 F. Supp. 3d at 877-78; *Barragan*, 2024 U.S. Dist. LEXIS 230056, at *10; *Armenta*, 2025 U.S. Dist. LEXIS 179897, at *9; *Cain*, 2025 U.S. Dist. LEXIS 147011, at *10; *Brown*, No. 3:25-cv-491, ECF No. 17, p. 17; *Hernandez*, 2025 U.S. Dist. LEXIS 225867, at *9; *Donelson*, 2025 U.S. Dist. LEXIS 266642, at *13-14.

### E.     Plaintiffs' Prudence Claim Fails for the Same Reason.

Plaintiffs' prudence claim fares no better.  Section 404(a)(1)(B) of ERISA requires fiduciaries to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character with like aims."  29 U.S.C. § 1104(a)(1)(B).

Here, the Court does not have to guess how similar fiduciaries would allocate forfeitures—the abundance of pending forfeiture lawsuits confirm dozens of fiduciaries at similarly sized companies with similarly sized plans allocated *all* of their forfeitures towards employer contributions.  *Supra* p. 8-9.  That widespread

practice undermines, rather than supports, any inference that a prudent fiduciary "would have used more of the Plan forfeitures to defray some or all Plan expenses." ¶ 87.

More fundamentally, the Plan grants Acosta broad discretion to allocate any percentage of forfeitures between Plan expenses and employer contributions. Plaintiffs' theory would effectively read out that discretion and require Acosta to prioritize Plan expenses in nearly every scenario. ¶ 66-67. Such a rule appears nowhere in the Plan or ERISA, contravenes the Supreme Court jurisprudence,[4] and cannot sustain a claim. *Cano*, 2025 U.S. Dist. LEXIS 176101, at *13 (rejecting the theory because it would effectively eliminate fiduciary discretion by requiring forfeitures to be used for plan expenses in nearly all circumstances, without regard to the plan's terms or context); *Estay*, 2026 U.S. Dist. LEXIS 61513, at *12 (holding similar claims "would create a categorical rule that fiduciaries are always assumed to act imprudently when they apply forfeitures to discretionary employer matching contributions over administrative fees."); *Gaetano*, 2026 U.S. Dist. LEXIS 65524, at *36 (same).

Unable to rely on facts or law, Plaintiffs fall back on conclusory arguments that Acosta's decision-making process was flawed. *See, e.g.*, ¶ 87, 89, 90, 92, 103-04, 107. But unsupported speculation that Acosta did not follow a prudent process because Plaintiffs prefer a different outcome is insufficient to state a claim under

---

[4] *Hughes*, 595 U.S. at 177 (instructing courts to respect "the range of reasonable judgments a fiduciary may make….").

ERISA.  Indeed, in *Beroset*, the court rejected conclusory process allegations including that defendants "reflexively" made forfeiture allocation decisions, "imprudent[ly] coordinat[ed]," and employed "flawed decision-making process." 2026 U.S. Dist. LEXIS 58140, at *6.  Here, Plaintiffs rely on identical conclusory allegations.  *See, e.g.,* ¶ 5 ("Defendants reflexively used those forfeitures to primarily benefit Acosta...."); ¶ 89 ("The Plan Committee imprudently coordinated with Acosta...."); ¶ 90 ("the Plan Committee employed a flawed decision-making process....").

Other courts are in accord.  *See Estay*, 2026 U.S. Dist. LEXIS 61513, at *12 ("The Court refuses to assume imprudence simply because Plaintiffs would have preferred a different outcome."); *Armenta II*, 2026 U.S. Dist. LEXIS 67099, at *5 ("[Defendant's] decision-making process does not automatically become flawed merely because it exercises its discretion in a manner [plaintiff] disapproves."); *Gaetano*, 2026 U.S. Dist. LEXIS 65524, at *37-38 ("plaintiffs do not allege they did not receive the benefits to which they were entitled...[t]hus, plaintiffs fail to plausibly allege that a 'proper' investigation would have led to a different outcome."); *Brown*, 2025 U.S. Dist. LEXIS 228085, at *19 (holding a similar complaint did not allege "any facts from which it could be inferred that defendant's process was imprudent"); *Hutchins II*, 767 F. Supp. 3d at 926 (holding similar process allegations were "conclusory and insufficient"); *Polanco*, 2025 U.S. Dist. LEXIS 210810, at *22; *Garner*, 2025 U.S. Dist. LEXIS 251611, at *11; *Cain*, 2025 U.S. Dist. LEXIS 147011, at *11; *Steen*, 2025 U.S. Dist. LEXIS 164875, at *13-14;

19

*Donelson*, 2025 U.S. Dist. LEXIS 266642, at \*13-14. *Tillery*, 2026 U.S. Dist. LEXIS 36193, at \*16 (concluding that stripping away such labels leaves only the allegation that fiduciaries followed the Plan and delivered the promised benefits—which cannot plausibly state an imprudence claim).

Simply put, Plaintiffs' thinly pled and conclusory prudence claim fails to state a claim under ERISA's context specific pleading standards.

**F.    Plaintiffs' Forfeiture Theory Contradicts Decades of Federal Regulations and DOL Guidance.**

Acosta's decision to allocate the majority of available forfeitures towards employer contributions also has support in decades of federal regulations from the Internal Revenue Service ("IRS") and Treasury Department.  Again, undeterred, Plaintiffs' Complaint repeatedly argues Acosta's forfeiture allocations were flawed because it faced a "conflict of interest" when make those decisions.  *See* ¶ 48, 70. But multiple government agencies have carefully considered this alleged conflict of interest and repeatedly approved allocating forfeitures towards employer contributions.  The consistent regulatory approval of allocating forfeitures towards employer contributions undercuts Plaintiffs' theory and weighs heavily in favor of dismissal.

The Plan was drafted and implemented with the goal of complying with ERISA and the United States Tax Code, which are inextricably linked.  Ex. A, Plan Doc., Preamble.  Like ERISA, the United States Tax Code also provides that plan assets may not be "used for, or diverted to, purposes other than the exclusive

benefit of" participants and beneficiaries.  26 U.S.C. § 401(a)(2); *see also* 26 C.F.R. § 1.401-2; 29 U.S.C. § 1104.  The Internal Revenue Manual confirms allocating forfeitures towards employer contributions does not violate its directive to exclusively use plan assets to provide benefits to participants.  2020 IRM 7.12.1.9, Forfeitures (02-16-2017) (Sept. 16, 2018).

Treasury regulations also expressly authorize, since before ERISA was enacted, allocating forfeitures towards employer contributions.  *See* 26 C.F.R. 1.401-7 (a 1963 Treasury regulation approving allocating forfeitures towards employer contributions); *see also* Revenue Ruling 71-313, 1971-2 C.B. 203, 1971 IRB LEXIS 102 (July 1, 1971) (profit sharing plans 'may provide that forfeitures be used to reduce employer contributions that otherwise would be required under the contribution formula contained in the plan."); Rev. Ruling 67-68, 1967-1 C.B. 86, 1967 IRB LEXIS 334 (Jan. 1, 1967).

Subsequent Treasury regulations provide the same guidance.  *See, e.g.*, 83 Fed. Reg. 34469, 34470 (July 20, 2018) ("permitting forfeitures of prior contributions to be used" for qualified matching contributions and qualified non-elective contributions); 88 Fed. Reg. 12282-01, 12285 (proposed Feb. 2, 2023) (to be codified at 26 C.F.R. pt. 1) (proposed regulation requiring defined contribution plans to state that forfeitures "will be used" for one or more of three lawful purposes, including to "reduce employer contributions under the plan").

Congress also formalized its approval of allocating forfeitures towards employer contributions.  H.R. Rep. No. 99-841, at II-442 (1986) (House Report on

the Tax Reform Act of 1986 demonstrating that Congress concurred that forfeitures in defined contribution plans may be used to reduce employer contributions).

The DOL agrees that the abundance of federal regulations supporting allocating forfeitures towards employer contributions is fatal Plaintiffs' forfeiture theory. For example, in the DOL's amicus brief in *Hutchins II*, it argued "the mere fact [defendants] decided to use Plan forfeitures to fund matching contribution benefits—an option explicitly granted by the Plan document and proposed Treasury regulation—does not state a plausible claim for breach." No. 25-826, ECF No. 24.1, p. 15.

It is no surprise then that most courts considering similar forfeiture claims have concluded that decades of approval for the challenged action from the IRS, Treasury Department, DOL, and ERISA provide substantial proof that similar claims lack merit. *See Cano*, 2025 U.S. Dist. LEXIS 176101, at *14-16; *Gaetano*, 2026 U.S. Dist. LEXIS 65524, at *35; *Hutchins II*, 767 F. Supp. 3d at 923; *Dimou II*, 2025 U.S. Dist. LEXIS 178980, at *17-18; *Madrigal*, 2025 U.S. Dist. LEXIS 84971, at *10; *Sievert*, 780 F. Supp. 3d at 878; *Wright v. JPM*, 2025 U.S. Dist. LEXIS 115792, at *14; *Armenta*, 2025 U.S. Dist. LEXIS 179897, at *12; *Polanco*, 2025 U.S. Dist. LEXIS 210810, at *15; *Cain*, 2025 U.S. Dist. LEXIS 147011, at *11; *Hernandez*, 2025 U.S. Dist. LEXIS 225867, at *8; *Donelson*, 2025 U.S. Dist. LEXIS 266642, at *14.

As the court in *Cano* aptly held, "[g]iven this history, [plaintiff] can hardly say it was unreasonable or imprudent for [defendant] to act both consistently with its own Plan documents and consistently with regulations that have been effective for decades." 2025 U.S. Dist. LEXIS 176101, at *15-16. Plaintiffs' Complaint does not provide grounds for disregarding decades of federal guidance which expressly approve allocating forfeitures towards employer contributions, which weighs heavily in favor of dismissal.

## II.   COUNT I MUST BE DISMISSED BECAUSE PLAINTIFFS DO NOT PLAUSIBLY ALLEGE A LOSS TO THE PLAN.

Count I seeks damages for alleged fiduciary breaches under Section 502(a)(2) "on behalf of the Plan." ¶ 127-134. But claims under Section 502(a)(2) must identify an injury to the plan. *See, e.g.*, *Vigeant v. Meek*, 953 F.3d 1022, 1029 (8th Cir. 2020) ("To prevail on a claim of breach of fiduciary duty under ERISA, the plaintiff must make a prima facie showing that a defendant acted as a fiduciary, breached his fiduciary duties, and thereby caused a loss *to the Plan*.") (internal citation omitted) (emphasis added); *Byars v. Coca-Cola Co.*, No. 1:1-CV-3124-TWT, 2004 U.S. Dist. LEXIS 14362, at *24 (N.D. Ga. Mar. 18, 2004) ("Plaintiffs cannot recover under [502(a)(2)] because their First Amended Complaint fails to set forth facts that, if proven, would establish a loss to the plan, a prerequisite to relief under ERISA section 502(a)(2)."); *Carlson v. Newnan Times-Herald, Inc.*, No. 3:23-cv-163-TCB, 2025 U.S. Dist. LEXIS 230449, at *11-12 (N.D. Ga. Mar. 27, 2025) (dismissing an ERISA Section 502(a)(2) claim for failure to plausibly allege a loss to the plan).

23

Plaintiffs' challenges to Acosta's forfeiture allocations do not plausibly allege a loss to the Plan.  Using assets from the Plan's forfeiture account to offset employer contributions made to participants' individual Plan accounts did not decrease the Plan's assets or cause a loss to the Plan.  And Acosta's forfeiture allocation decisions did not change the Plan's administrative fees.  In other words, regardless of whether the administrative fees were paid from participant accounts or Plan forfeitures ,the net outflow of assets from the Plan would remain the same. *See Byars*, 2004 U.S. Dist. LEXIS 14362, at *24 (holding plaintiff failed to plausibly allege a loss to the plan when the challenged action did not decrease plan assets).  Therefore, Plaintiffs' challenges do not plausible allege a loss to the Plan, which is fatal to Count I under Section 502(a)(2).

### III. PLAINTIFFS' DERIVATIVE MONITORING CLAIM MUST ALSO BE DISMISSED.

Finally, because Plaintiffs' fiduciary breach claims fail to state a claim, the Complaint's derivative monitoring claim must also be dismissed.  *Estay*, 2025 U.S. Dist. LEXIS 179822, at *20 (holding a monitoring claim in a forfeiture complaint was "derivative of the other claims and therefore fails as well."); *In re Sun Banks, Inc. ERISA Litig.*, 749 F. Supp. 2d 1365, 1379 (N.D. Ga. 2010) ("Plaintiffs cannot maintain a claim of failure to monitor without demonstrating that those to be monitored were acting imprudently.").

### CONCLUSION

Plaintiffs do not dispute that Acosta's Plan complies with ERISA and that Acosta allocated forfeitures according to the Plan's directives.  The weight of

authority confirms that ERISA does not require Acosta to allocate forfeitures differently.  As a result, Plaintiffs' forfeiture theory fails as a matter of law and the Complaint should be dismissed.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ René E. Thorne*
René E. Thorne, LA No. 22875
LEAD TRIAL COUNSEL
Adam R. Carlisle, LA No. 39828
601 Poydras St., Suite 1400
New Orleans, LA 70130
Telephone: 504-208-1755
Facsimile: 504-208-1759
Rene.Thorne@jacksonlewis.com
Adam.Carlisle@jacksonlewis.com

Phillip C. Thompson, KS No. 27575
7101 College Blvd. Ste. 1200
Overland Park, KS 66210
Telephone: 913-981-1018
Facsimile: 913-981-1019
Phillip.Thompson@jacksonlewis.com

Jacob R. Bohn
Florida Bar No.: 1032132
501 Riverside Ave., Ste. 902
Jacksonville, FL 32202
Telephone: 904-638-2655
Facsimile: 904-638-2656
Jake.Bohn@jacksonlewis.com

**ATTORNEYS FOR DEFENDANTS**

25

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 2, 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will automatically send electronic notice to counsel of record Tulio D. Chirinos, Esquire, Chirinos Law Firm, PLLC, 20283 State Road 7, Ste. 592, Boca Raton, FL 33498, and Paul M. Secunda, Esquire, Walcheske & Luzi, LLC, 235 N. Executive Dr., Ste. 240, Brookfield, Wisconsin, 53005.

*/s/ René E. Thorne*
